

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00232-CR

---

TREVOR FULLER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 106th District Court
Garza County, Texas
Trial Court No. 20-3353, Honorable Reed A. Filley, Presiding

---

April 17, 2024

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Trevor Fuller, Appellant, was convicted by a jury of possession of a controlled substance in an amount of four grams or more but less than two hundred grams, enhanced by a prior conviction.[1]  The jury assessed his punishment at thirty years' incarceration.  By his appeal, Appellant raises three issues.  We affirm the trial court's judgment.

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (d); TEX. PENAL CODE ANN. § 12.42(b).

BACKGROUND

Trooper Nathaniel Washburn, a state trooper for the Texas Department of Public Safety, was on patrol in Garza County on January 9, 2020. Using his radar unit, he clocked Appellant's vehicle at fifty-nine miles per hour in an area where the posted speed limit was fifty-five miles per hour. He performed a traffic stop and informed Appellant that he would be given a warning. He asked Appellant to exit the vehicle. Appellant sat in the front seat of the trooper's vehicle while the trooper checked his driver's license, vehicle registration, and insurance. Appellant was "breathing really heavily" and seemed "extremely nervous" even though he was told several times he was going to receive a warning. While performing the records check, Appellant told the trooper he lived in Roswell, New Mexico, instead of a Ruidoso address listed on his driver's license. When Trooper Washburn inquired about the purpose of his trip, Appellant explained he was travelling from Roswell to Sweetwater, Texas, to purchase a used 2012 truck for $27,000. Appellant did not have the name or the phone number of the person he was meeting in Sweetwater, and he did not have the money with him to purchase the truck. According to Appellant, his brother, who lived in the Dallas-Fort Worth area, was going to provide the money once Appellant determined whether he wanted the truck. Appellant did not have any luggage in his vehicle for an overnight stay and the itinerary for the trip seemed suspicious. When Trooper Washburn asked if he could search Appellant's vehicle, Appellant initially gave permission but then changed his mind. After speaking with Appellant, Trooper Washburn believed he had reasonable suspicion to request a canine unit to come to the scene.

Officer Bobby Dean, a police officer with Post I.S.D., was dispatched to the scene. He arrived at the scene with his drug dog within four to six minutes. Officer Dean's dog alerted twice on Appellant's vehicle. When Trooper Washburn asked Appellant if there was any reason why the canine would alert, Appellant responded that "there was a little bit of methamphetamine in the car." Trooper Washburn asked Appellant how much and he said, "5 to 8 grams." After Appellant indicated the location of the methamphetamine, Trooper Washburn found a white box in the front seat containing two bags of a white crystal substance. The larger bag contained methamphetamine weighing 7.31 grams while the smaller bag contained methamphetamine weighing 3.01 grams. Appellant was arrested and subsequently charged with possession of a controlled substance.

The case was tried to a jury in June of 2023. At trial, Appellant disputed Trooper Washburn's testimony that Appellant was speeding. Appellant testified, "I was running— really, everybody was passing me. I wasn't speeding. [Trooper] pulled out—there was a car went by me right in front of [Trooper.] I don't know why he didn't pull him over because he was speeding. And this officer was speeding. They got laws . . . . This officer keeps saying things, but he ain't telling the truth." Appellant admitted he told the trooper he had used methamphetamine the day before he was stopped. According to Appellant, "I just put a little bit in my coffee." Appellant acknowledged that he purchased two baggies of methamphetamine for $50 from a "guy" he met at an Allsup's convenience store at 5:00 a.m. in Roswell on the morning of January 9, 2020. Appellant claims he never looked in the box containing the methamphetamine that the "guy" threw in his car. He usually buys "six-tenths, seven-tenths" of a gram of methamphetamine for $50. Appellant disputed the amount of methamphetamine that the trooper found during the stop, testifying, "I don't

3

think that's the meth I had . . . . I think the officer put that in there." The jury found Appellant guilty. Appellant pled true to an enhancement paragraph and the jury assessed punishment in the Texas Department of Criminal Justice for thirty years.

Appellate counsel filed a motion for new trial urging that Appellant received ineffective assistance of counsel due to trial counsel's failure to call mitigation witnesses. However, there is nothing in the record to indicate that the motion for new trial was presented to the trial court and there was no hearing on the motion. Appellant timely filed his appeal.

## RELEVANT LAW

The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel. U.S. CONST. amend. VI.; *Ex parte Scott*, 541 S.W.3d 104, 114 (Tex. Crim. App. 2017). To establish a claim based on ineffective assistance, an appellant must show that (1) his counsel's representation fell below the objective standard of reasonableness and (2) there is a reasonable probability that but for counsel's deficiency the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Nava v. State*, 415 S.W.3d 289, 307−08 (Tex. Crim. App. 2013). In other words, an appellant must show his trial counsel's performance was deficient and that he was prejudiced by the deficiency. *State v. Gutierrez*, 541 S.W.3d 91, 98 (Tex. Crim. App. 2017).

A failure to make a showing under either *Strickland* prong defeats a claim for ineffective assistance. *Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003) (en banc). Both prongs need not be examined on review if one cannot be met. *Turner v.*

4

*State*, 528 S.W.3d 569, 577 (Tex. App.—Texarkana 2016, no pet.) (citing *Strickland*, 466 U.S. at 697).

A claim of ineffective assistance of counsel must be firmly demonstrated in the record. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011) (citing *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999)). "It is not sufficient that appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence." *Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007). We must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Frangias v. State*, 450 S.W.3d 125, 136 (Tex. Crim. App. 2013).

In most cases, a direct appeal is an inadequate vehicle for raising a claim of ineffective assistance because the record is generally undeveloped and cannot adequately reflect counsel's trial strategy. *Rylander*, 101 S.W.3d at 110−11. When counsel is not afforded an opportunity to explain his strategy before being denounced as ineffective, an appellate court should not find deficient performance unless counsel's conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Therefore, when the record is silent on counsel's trial strategy, we will assume that counsel had a strategy if any reasonable sound strategic motivation can be imagined. *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

Complaints of Ineffective Assistance of Counsel

In his first issue, Appellant contends that he received ineffective assistance of counsel in the trial court. Specifically, Appellant claims that his trial counsel committed "egregious" errors by (1) failing to interview or call four potential witnesses, (2) failing to file a motion to suppress or object to the State's exhibits that were offered to prove that Appellant was illegally in possession of a controlled substance, (3) failing to question the trooper about his "reasonable suspicion" that led him to call a canine unit to the scene, (4) failing to question the trooper about the two bags of methamphetamine found in Appellant's vehicle, (5) calling Appellant as a witness and not questioning him about the circumstances relating to his "alleged possession," (6) failing to object to the State's characterization of Appellant as "the same individual who was convicted of dealing meth before and sent to federal prison" in the "case-in-chief" stage of trial, (7) failing to introduce any mitigating circumstances on Appellant's behalf, and (8) filing a notice of appeal which stated that there would not be a motion for new trial. Appellant points to the cumulative effect of trial counsel's errors and concludes that he was denied "any representation" and "any semblance of a fair trial."

We first address Appellant's reliance on the affidavits of four potential witnesses[2] to establish substantive evidence of trial counsel's deficient performance. An affidavit attached to a motion for new trial is not self-proving. *Rouse v. State*, 300 S.W.3d 754,

---

[2] The witnesses included Appellant's former wife, daughter, son-in-law, and mother. According to Appellant, these witnesses would have testified to Appellant's "severe and complex medical problems, his cognitive impairment, and his inability to care for himself properly."

6

762 (Tex. Crim. App. 2009). To constitute evidence, the affidavit must be introduced into evidence at a hearing on the motion. *Id.*; *Stephenson v. State*, 494 S.W.2d 900, 909−10 (Tex. Crim. App. 1973). This rule applies even when constitutional issues are implicated. *Rouse*, 300 S.W.3d at 762.

Here, the record shows that appellate counsel filed a motion for new trial with accompanying affidavits from four potential witnesses. The record does not indicate that appellate counsel sought a hearing on his motion. Moreover, the affidavits attached to the motion were not otherwise offered to the trial court as evidence. Because Appellant's affidavits were never admitted as evidence, we may not consider the affidavits on appeal. *Rouse,* 300 S.W.3d at 762; *Stephenson*, 494 S.W.2d at 909-10; *Jackson v. State*, 139 S.W.3d 7, 21 (Tex. App.—Fort Worth 2004, pet. ref'd).

On appeal, Appellant challenges multiple decisions of trial counsel he contends were deficient. However, missing from Appellant's complaints is any discussion of how any of the purported errors would have resulted in a different outcome. *See Castaneda v. State*, No. 07-22-00372-CR, 2024 Tex. App. LEXIS 109, at *3–4 (Tex. App.—Amarillo Jan. 5, 2024, pet. ref'd) (mem. op., not designated for publication); *see also Perez v. State*, 310 S.W.3d 890, 892−93 (Tex. Crim. App. 2010) (appellant was obligated to prove not only that his counsel's performance was deficient but that the deficiency prejudiced him). "The lack of such substantive explanation itself warrants our rejection of the complaint." *Castaneda*, 2024 Tex. App. LEXIS 109, at *3−4.

The Court of Criminal Appeals has repeatedly observed that a record on direct appeal is generally insufficient to show that counsel's representation was so deficient as

7

to meet the *Strickland* test.  *See Hart v. State*, 667 S.W.3d 774, 783 (Tex. Crim. App. 2023); *Lopez*, 343 S.W.3d at 143; *Rylander*, 101 S.W.3d at 110; *Bone v. State*, 77 S.W.3d 828, 833 & n.13 (Tex. Crim. App. 2002).  The present record does not provide Appellant's counsel the opportunity to "defend, explain, or otherwise justify his conduct."  *Garza v. State*, No. 07-13-00137-CR, 2014 Tex. App. LEXIS 415, at *5 (Tex. App.—Amarillo Jan. 14, 2014, no pet.) (mem. op., not designated for publication).

When, as here, the record regarding counsel's strategy has been insufficiently developed, we conclude Appellant has failed to overcome the presumption that counsel's decisions were the product of sound trial strategy.  *See Freeman v. State*, 125 S.W.3d 505, 506–07 (Tex. Crim. App. 2003).  The record before us does not affirmatively show, by a preponderance of evidence, that counsel's performance was sufficiently deficient or that any alleged deficiencies resulted in the requisite level of prejudice to Appellant's case such that we can conclude the trial below did not produce a just result.[3]  As such, we overrule Appellant's first issue.

Complaint of Unlawful Search and Seizure

In his second issue, Appellant contends his Fourth Amendment right to protection from an unlawful search and seizure was violated when his detention was unduly

---

[3] In this case, the record on direct appeal is not sufficiently developed and "cannot adequately reflect the failings of trial counsel" for an appellate court "to fairly evaluate the merits of such a serious allegation."  *Lopez*, 343 S.W.3d at 143.  Under such circumstances, claims of ineffective assistance of counsel rejected due to lack of adequate information may be considered on an application for a writ of habeas corpus.  *Id.*; *see* TEX. CODE CRIM. PROC. ANN. art. 11.07.

prolonged and his vehicle was searched without his consent. Because Appellant has failed to preserve error on this issue, it is overruled.

A timely and specific objection or motion must be made in the trial court to preserve a complaint for appeal. TEX. R. APP. P. 33.1. Because Appellant did not file a pretrial motion to suppress or object at trial to the length of his detention, he has not preserved this issue for our review. *See Sample v. State*, 405 S.W.3d 295, 300 (Tex. App.—Fort Worth 2013, pet. ref'd). Even constitutional errors may be forfeited by failure to object at trial. *Boulware v. State*, 542 S.W.2d 677, 682 (Tex. Crim. App. 1976). As such, we overrule issue two.

Insufficient Proof/Complaint of Egregious Errors

In his third issue, Appellant's argument, in its entirety, is as follows:

> The U.S. Constitution prohibits the criminal conviction of any person except upon proof of guilt beyond a reasonable doubt, and the due process guaranteed by the Fourteenth Amendment to the United States Constitution presupposes, as the Supreme Court noted in *Jackson v. Virginia*, 443 U.S. 307, 309, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979), that no person shall be made to suffer "the onus of a criminal conviction except upon sufficient proof." Texas Code of Criminal Procedure (TCCP) 38.03 states:

>> All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that he has been arrested, confined, or indicted for, or otherwise charged with, the offense gives rise to no inference of guilt at his trial.

> Appellant's presumption of innocence as guaranteed in TCCP 38.03 was taken from him by his trial counsel's total lack of any defense on his behalf. When a trial counsel commits the egregious errors set out above, the defendant should be deemed to have suffered a criminal conviction that was based on insufficient proof.

> The egregious errors of Appellant's trial counsel did cause Appellant to suffer, without sufficient proof, the onus of a criminal conviction and,

9

additionally, an almost unbelievable lengthy punishment of imprisonment for 30 years.

To the extent that Appellant challenges the sufficiency of the evidence to support his conviction in this issue, his argument is inadequately briefed and presents nothing for our review. *See* TEX. R. APP. P 38.1; *Gallegos v. State*, 76 S.W.3d 224, 228 (Tex. App.—Dallas 2002, pet. ref'd). In order to properly brief a challenge to the sufficiency of the evidence, the brief must have a summary of the testimony or other evidence relevant to the element of the offense that is challenged, accompanied by appropriate citations to authorities and the record. *Id.* Here, the evidence is not discussed, there are no citations to the record, and no argument is presented pointing out how the evidence is insufficient or what element of the offense is deemed as insufficiently proven.

To the extent that Appellant argues that "egregious errors" of trial counsel contributed to his conviction, the issue has been addressed above or is inadequately briefed and presents nothing for our review. TEX. R. APP. P. 38.1. We overrule Appellant's third issue.

## CONCLUSION

Having overruled all of Appellant's issues, we affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.